Anderson J.,
delivered the opinion of the court.
This is an action of debt to recover fifteen thousand dollars, alleged to be due aud owing the plaintiff, by the defendant. The first count in the declaration demands the debt of $15,000, in the gold currencv of the United States of America, with interest thereon from the first day of January 1864. The second count is for the interest. It is not written out; but it is agreed by the counsel'of both parties, that the court may treat the declaration as if it contained a separate count for the interest; which agreement was entered on the record.
The action is founded upon an act of assembly, passed *297 the first of March 1867, which is entitled “An act to authorize the James River and Kanawha Company to borrow money.” The defendant demurred generally to the declaration, and to each count thereof, and the plaintiff joined in the demurrer. The defendant then pleaded nil debit; and the plaintiff took issue thereon.
“At common law an indenture, or deed inter paries, is only available between the parties to it, and their privies; and third parties can maintain no action thereon, though made for their benefit.” Though this rule does not apply to deeds poll, it must manifestly appear that the covenants were made for the benefit of the parties sueing thereon. Jones v. Thomas, 21 Gratt. 96. In Fellows v. Gilman, 4 Wend. R. 414, cited by J. Staples, in the above case, it was held that it must undoubtedly appear that the covenant, alleged to have been broken, was made for the benefit of the person bringing the action. This was an established rule at common law; and it is not changed by section 2 of chap. 116, of the Code of 1860. In the cases coming within its purview, it only gives the right of action to the person to whom the promise or covenant is not made, when it is made “for the sole benefit” of such person.
It is necessary, then, to enquire: Does the act of March 1st, 1867, upon which this action is founded, create a contract or liability on the part of the Company, for the benefit of the plaintiff? The court is of opinion that-it does not. The act of 1862, to which this act refers, authorized the issue to the President and Directors of the J. R. &K. Company, registered stock of the commonwealth, not exceeding $200,000 in amount, when the said company shall execute their bond in the penalty of $400,000, with condition to return, in like registered stock of this commonwealth, such amount of said stock as may be applied under this act to the purposes therein *298 designated, with interest thereon, within six years after the date of such bond. Under this act, registered stock of the commonwealth was issued to the Canal Company to the amount of $180,000: One of which bonds, to the amount of $15,000, is the subject of this suit. But the Company has not fulfilled the condition of its obligation to the State.
"When, in 1867, the Company was again an applicant for an extension of its franchises, the legislature was’ unwilling to grant its prayer, except with the condition that it would fulfil this obligation; and they passed the said act of March 1st, 1867, authorizing the Company to borrow $750,000 upon the faith of .its own credit, and to execute a mortgage upon its own property and franchises, to secure its payment; but with the proviso, that the Company should recognize the $180,000 of State bonds received by it under the said act of 1862, as a part of its floating debt; which it may discharge by paying it, or delivering to the holders of said bonds an equal amount of the registered stock of the commonwealth, issued prior to the 17th cf April 1861, for the full amount of the principal and interest.
Was this provision made for the benefit of the bondholder? And was it designed to fix a direct liability on the Company to him, which could be enforced by suit in his own name against the Company, with whom and himself there was no privity of contract ? Or was it designed to benefit the State, by calling in her bonds for $180,000, and extinguishing her liabilities to that amonut? A compliance by the Company with the terms proposed would give the holder of these bonds of the State au equal amount of other State bonds in their stead.
If the Company borrowed the money authorized by the act, it must be held to have consente 1 to the terms *299 upon which the act proposed to bestow that privilege; which was substantially to relieve the State from her liability for said debt. But it was a contract between the ■Company and the State, to which the bond-holders were not parties, and by which they were not bound. The State, by making such a contract with the Company, could not release herself from her liability, if any, to the bond-holders: That could only be done by the bondholders consenting thereto. There is nothing in the act showing their consent, or binding them thereto. And there is nothing in the record, which shows that they have by any act of theirs, consented to release the commonwealth, and look alone to the Company for the payment of bonds of the State which they hold. And the court is of opinion, that whilst the borrowing of the money by the Company, as authorized by the act, would evidence its assent to the terms proposed by the act, and would complete the contract, it only evidences a contract between the commonwealth and the Company, to which the bond-holders are strangers. And if the Company bias failed to comply with its terms, it is amenable only to the commonwealth.
There was no liability of the company to the holders ■of the bonds. They were purchased, undoubtedly, upon the faith of the commonwealth, and not upon that of the Canal company. The holders when they purchased, looked alone to the commonwealth for payment, and not to the Company. The credit of the Company could not have entered into the consideration of the purchaser, and the holder had no right to look to the Company for payment. There was no relation of debtor and creditor between the Company and the bond-holder. And the court is of opinion, that the act aforesaid, prescribing terms to the Company for the benefit of the State, upon which they could exercise a privilege, did not cre *300 ate the relation of debtor and creditor between the Company and the bond-holders, who were not parties-to the transactions. The non-compliance of the Company with the terms, could hardly extinguish the relation of debtor and creditor between the Company and the State, and create such relation between the Company, and the holder of the State bonds. The Company having failed to fulfil the condition on which the privilege was granted, is amenable to the State, and not to strangers to the contract.
If the Company was guilty of a fraud, or deceit, in the sale of the bonds in question, as bonds issued under the act of March 1860, as they purport on their face, when in fact they were issued under the act of March 1862, the holder of the bond is not entitled to redress the wrong in an action of debt against the Company. hTor does it appear by any averment in the act which is the foundation of this action, or from anything therein contained, that there is any ground for such an allegation against the Company; or that such alleged fraud or deceit of the Company, formed any part of the consideration suggesting, or moving to, the condition or proviso in the said act in relation to the said Company. If there was any liability to the bondholders on part of the Company, upon which no opinion is indicated, it could only be enforced in a different form of action.
It is not averred in the declaration, nor does it appear any where in the record, that the Company ever borrowed any money under the said act of 1867. It is averred in the declaration, that it executed the mortgage to secure its bonds to be executed for money there ■ after to be borrowed, but it is not averred that any use was made of said bonds, or that the Company ever raised any money upon them. And it is the opinion of the court, that the Company could not be held to have ac *301 ■cepted the terms of the act, and become liable under its proviso merely by executing a mortgage, to secure its bonds to be executed for money thereafter to be borrowed, which were never issued nor made available for the borrowing of money, wffiich was the leading object and purpose of the act, and that for want of such averment the declaration iss defective and demurrable.
Various other and intensely interesting and important questions were argued with marked learning and ability by the counsel; but the court considering that the points which we have commented on and very imperfectly presented in this opinion were decisive of the case, have deemed it unnecessary to consider and decide the other questions. Upon the grounds stated, the court is of opinion that the demurrer was well taken to both counts in the declaration, and that there is no error in the judgment of the court below in sustaining it, and that the same must be affirmed.
Judgment affirmed.