Statement.

## Staunton.

NEWBERRY LAND COMPANY v. NEWBERRY.

SEPTEMBER 16, 1897.

1. BREACH OF COVENANT—*Who May Sue for—Evidence Extrinsic to Covenant.*—One not a party to a deed *inter partes,* nor a privy to such party, and not named nor definitely pointed out in it as the beneficiary, cannot sue thereon, either at common law or under the Virginia statute (sec. 2415 of the Code). Nor is extrinsic evidence admissible to show that the covenant sued on was made solely for his benefit.

2. DEMURRER—*What it Admits, and What it Does Not Admit.*—A demurrer admits only such facts as are well pleaded. It does not admit the pleader's construction of a written instrument set forth in the pleadings, nor the purpose ascribed by him to the parties to such instrument, unless justified by its language, nor that a parol understanding which varies and contradicts such instrument is competent, or admissible.

Argued at Wytheville. Decided at Staunton.

Error to a judgment of the Circuit Court of Bland county, rendered May 13, 1896, in an action of covenant, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case.

*James P. Harrison* and *Henry & Graham,* for the plaintiff in error.

*J. H. Fulton* and *D. E. Johnston,* for the defendant in error.

RIELY, J., delivered the opinion of the court.

This is an action of covenant, brought by the plaintiff in error against the defendant in error upon an agreement in writing made by him with certain persons therein named. The plaintiff was not one of them, and indeed was not even in existence when the agreement was entered into.

The agreement was set out fully in the declaration, and in its very words. It is a contract *inter partes*, and a sealed instrument as to the defendant. He demurred to the declaration. The court below sustained the demurrer; and the question to be decided is whether or not the plaintiff can maintain the action.

At common law a person, though not a party to a deed poll, could sue upon it, if the instrument showed upon its face that it was made for his benefit; but this was not so as to a deed *inter partes*. The latter was only available between the parties to it and their privies, and a third person could not maintain an action of covenant upon it. *Jones* v. *Thomas*, 21 Gratt. 96; *Stuart* v. *James River and K. Co.*, 24 Gratt. 294; *Ross* v. *Milne*, 12 Leigh, 204; and *Fellows* v. *Gilman*, 4 Wend. 414.

It is contended, however, that this rule no longer prevails in Virginia, but was abrogated by the statute incorporated into the Code of 1849, and which constitutes now sec. 2415 of the Code of 1887. The statute referred to provides that "if a covenant or promise be made for the sole benefit of a person with whom it is not made, or with whom it is made jointly with others, such person may maintain in his own name any action thereon, which he might maintain in case it had been made with him only, and the consideration had moved from him to the party making such covenant or promise."

If one of the objects of the statute was to abolish the distinction between deeds *inter partes* and deeds poll in the respect referred to, and to bring the former within the rule of the common law applicable to the latter, it was clearly not intended to change that part of the rule that only a person named or definitely pointed out in a deed as the beneficiary can sue thereon, and this was not its effect. The statute does not enable

one, who is not a party to the deed, to maintain an action thereon, unless he is plainly designated by the instrument as the beneficiary, and the covenant or promise is made for his *sole* benefit. As was said by Judge Anderson in *Stuart* v. *James River & K. Co., supra,* the rule of the common law in this respect has not been changed by the statute.

The State of West Virginia has precisely the same statute. It was construed by its Court of Appeals in the case of *Johnson* v. *McClung,* 26 W. Va., 659, in which case arose a question very similar to that presented in the case at bar. Johnson was a creditor of the firm of D. C. Anderson & Co., which was composed of D. C. Anderson and one Philip Phares, Jr., to the amount of $700. D. C. Anderson and Philip Phares, Jr., entered into an agreement with D. G. McClung and J. B. Anderson, by which the latter were made members of the said firm, or, more accurately, by which a new firm was formed by the parties. In the written agreement between them it was provided, among other things, as follows: "Said D. G. McClung and J. B. Anderson hereby assume one-half of the indebtedness for the power, spinner, looms, and other machinery purchased by D. C. Anderson & Co. for the sum of $700 in specie of Mr. David Johnson." The agreement was signed and sealed by all the parties. Johnson brought an action of covenant on the agreement against McClung as survivor of himself and J. B. Anderson, deceased, for $350, one-half of the amount due him by the old firm of D. C. Anderson & Co., claiming that the said covenant was made for his benefit, and that he was entitled to bring suit on the agreement, but the court decided against his contention. It held that the covenant was not made for his sole benefit, and that he could not maintain the suit under the provisions of the statute. In discussing the statute, the court, in the course of its opinion, said: "But where even in a deed or indenture *inter partes* a certain covenant is made, as in many of the cases we have cited, for the sole benefit of a third person, not a party to the deed (but) distinctly designated therein, such person now under the statute

may maintain an action. In such case it will be regarded for the sole benefit of such person, when the primary object of the parties to the deed in that covenant relating to such third person was to secure to him the payment of money, or to make other provision for his benefit. But if such covenant was merely incidental to an agreement between themselves, then it could not be regarded for the sole benefit of such third person."

It is plain from the agreement sued on in the case at bar that its primary object was not the sole benefit of the plaintiff, nor its object the benefit of the plaintiff at all, but that it was entered into for the mutual benefit of the parties to it, and of no other. The plaintiff was not a party to the agreement, and acquired no rights under it by reason of any of its provisions. It was not then chartered or created, and had no existence. Nor could it acquire, even after its creation, any right to the subject matter of the agreement, except through some new and subsequent contract made between it and the parties with whom the defendant made the agreement aforesaid. In no sense can it be said that the covenants contained therein, or any of them, were made for the *sole* benefit of the plaintiff; and if not so made, it cannot maintain this action.

The pleader, evidently well aware of the difficulty that confronted the plaintiff in maintaining a suit in its own name and right, sought to obviate it in drawing the declaration by the averment of extrinsic facts. We thus find it averred in the declaration that "the covenants, promises, and agreements of the parties to the said written contract were made and entered into for the purpose of being continued until after the plaintiff became and was chartered, and that when the plaintiff corporation became and was chartered, that the said contract in writing with all the covenants, promises, and agreements should become the absolute property of the said corporation by operation of said written contract itself," and that "from the time it became a chartered corporation . . . all the covenants, stipulations, and agreements in the said contract in writing, which were made

for the plaintiff's benefit, or for the benefit of the parties of the first part thereto, or pertaining to them, or either of them, were, by operation of said contract in writing, as well as by the acts of all parties thereto themselves, transferred to and vested in the plaintiff corporation, and the plaintiff is entitled to all the rights and benefits of such covenants, stipulations, and agreements, and that it is now the sole owner of such covenants, stipulations, and agreements in said contract in writing, with the right to enforce them against the defendant."

It is a cardinal rule of the law of pleading that a demurrer admits only such facts as are sufficiently or well pleaded. It does not admit that the construction of a written instrument as averred in the pleading, when the instrument is set forth in the pleading, and can be inspected, is the true one; nor that the purpose ascribed to the parties thereto, when the same is not justified by its language, is correct; nor that a parol understanding, which varies or contradicts the written instrument set out in the pleading and on which it is founded, is competent or admissible. Stephen on Pl. 221; 4 Minor Inst. 892; *Lea* v. *Robeson,* 12 Gray, 280; *Dillon* v. *Barnard,* 21 Wall. 430; *Bonwell* v. *Griswold,* 68 N. Y. 294; *U. S.* v. *Ames,* 99 U. S. 35; *Interstate Land Co.* v. *Moxwell Land Grant Co.,* 139 U. S. 569; Story's Eq. Pl. sec. 452; 1 Bart. Ch. Pr. 344-5, and 5 A. & E. Ency. of Law, 551.

It is the province of the pleader to set forth in the declaration in an action of covenant, or in any other pleading, the instrument sued on according to its legal construction and effect, or in its very words. In this instance the latter course was adopted. An inspection of the instrument thus set out shows that it furnishes no warrant in itself for the averment that it was made for the sole benefit of the plaintiff, or inured by operation of law to its benefit. And it would not be competent to show this by extrinsic evidence, for it is not allowable to aver in a declaration facts not contained in the covenant sued on, and make them the ground of a recovery upon it. *Jones* v. *Thomas,* 21 Gratt., 104.

The extrinsic facts, so averred, set up a distinct and cotemporaneous parol agreement, tending to vary and contradict the contract on which the action is founded, which testimony would be inadmissible to prove, and upon which the action of covenant would not lie. Their averment in the declaration is an adroit and ingenious attempt to enable the plaintiff to maintain by means of collateral parol agreement the action of covenant upon a sealed contract, to which it was not a party, and which does not show upon its face that it was made for the sole benefit of the plaintiff. It is plain that this cannot be done.

Many cases were cited by the counsel for the plaintiff in error in support of its alleged right to maintain the action on the contract aforesaid, but it will be found on examining them that they were mainly suits to enforce subscriptions to the stock of a corporation to be formed, and do not constitute precedents for the maintenance of this action. In these cases the subscriptions were held to be in the nature of a continuing offer to the proposed corporation which, upon acceptance by it, became, as to each subscriber, a contract between him and the corporation. And being solely for its benefit, it alone could maintain an action for their recovery.

The Circuit Court did not err in sustaining the demurrer to the declaration, and its judgment must be affirmed.

*Affirmed.*