## Staunton.

SPILTER & FAUVER v. GUY, REGISTRAR.

AND

SAME v. HUTCHESON AND OTHERS.

September 17, 1907.

1. ELECTIONS—*Illegal Registrations—Purging List—Mandamus.*—Whether a person offering to register is a qualified voter or not is to be determined in the first instance by the registrar, from whose decision an appeal is given to any person denied registration. (Code Sec. 83a) and whose list may be purged of those improperly allowed to register upon the application of five qualified voters proceeding in the manner pointed out by sec. 86 of the Code. In ,view of the nature of the duties devolved upon the registrar and of the remedies afforded by sections 86 and 83a of the Code, *Mandamus* will not lie against a registrar to compel him to purge his list of names alleged to have been improperly registered by him.

Original applications for *mandamus.*

*Refused.*

These two cases involve the same question, and were heard and decided together. One was an application for a *mandamus* against the registrar of the first ward of the city of Staunton, and the other an application for a *mandamus* against the registrar of the second ward of said city. The petitioners aver that they are duly qualified and registered voters of said city, and that the defendants are registrars of the first and second wards, respectively, of said city.

The petitioners then charge that no person is entitled to register unless he has been a resident of the state two years, of the

city one year, and of the precinct in which he offers to vote thirty days next preceding the election in which he offers to vote; that the constitution provides that the general assembly shall enact such laws as are necessary and proper for the purpose of securing the regularity and purity of general, local and private elections, and that the legislature, in pursuance of the constitution, has enacted section 73 of the Code of 1904, which provides, among other things, "that the registrar shall, after the first day of January, nineteen hundred and four, register every male citizen of the United States, of his election district, who shall apply to be registered at the time and in the manner required by law, who shall be twenty-one years of age at the next election, who has been a resident of the state two years, of the county, city or town one year, and of the precinct in which he offers to register thirty days next preceding the election, who, at least six months prior to the election, has paid to the proper officer all state poll taxes, assessed or assessable against him under this or the former constitution for three years next preceding that in which he offers to register."

The petitioners then charge that the registrars have wrongfully and unlawfully registered in the registration book numerous white and colored voters, whose names are enumerated, who had not paid the poll tax, assessable or assessed against them six months prior to the regular election in November, 1907: to-wit, May 6, but had registered said persons upon the books aforesaid since May 6, 1907, and within the aforesaid period of six months of said election, and that the persons enumerated had not on the sixth of May, 1907, paid the poll tax assessed or assessable against them, but that the same have been paid since May 6, 1907, and the prayer of each petition is that the registrar may be compelled by *mandamus* to erase the names of the aforesaid persons from the registration books.

The registrar of the first ward of the city declining to make

defense, two resident voters of the city duly registered were on their application admitted to defend in his place.

Defendants demurred to the petitions for the *mandamus* on several grounds, but especially and particularly because the petitioners have an adequate remedy under section 86 of the Code, and also because the duty devolved upon them involved the exercise of judgment and discretion.

The petitioners on the other hand insist that application to the registrars to purge their lists would be ineffectual, as they have in effect declared section 73 of the Code unconstitutional, and have registered voters in disregard of it. They deny the right of the registrar to pass upon the constitutionality of the act.

*Turner K. Hackman* and *Thomas Whitehead,* for the petitioners.

*Patrick & Gordon, Timberlake & Nelson, H. H. Wayt, Charles Curry* and *F. B. Kennedy,* for the respondents.

BY THE COURT.

This day came again the parties by counsel, and the court, having maturely considered the transcript of the record of the petition aforesaid and arguments of counsel, is of opinion that the petitioners have an adequate remedy by virtue of sections. 86 and 83a of the Code of Virginia of 1904, and upon the authority of *Eubank* v. *Boughton,* 98 Va. 499, 36 S. E. 529, the prayer of the petitioners for a writ of *mandamus* is denied; and it is ordered that the respondents recover of the petitioners their costs in their behalf expended.

*Mandamus refused.*