# Richmond.

## FENTRESS v. STEELE AND SONS.

### January 13, 1910.

#### Absent, Buchanan, J.

1. EVIDENCE—*Contract in Writing—Parol Evidence to Vary—Incompleteness.*—Where the correspondence between parties shows the entire contract between them, no reference being made therein to any oral negotiations which were to be considered as entering into and forming a part of the contract, parol evidence will not be received to vary or altar the terms of such contract. The written contract cannot be proved to be incomplete by going outside and proving that there was an oral stipulation entered into and not embodied in the written contract.

2. EVIDENCE—*Extension of Credit—Inquiry as to Financial Rating.*—Where the defendant has undertaken to show that the plaintiff had not, in the first instance, extended credit to him but had to another, it is permissible for the plaintiff to show that, pending the original negotiations, he enquired into the financial rating of the defendant. Such evidence is admissible to show that the plaintiff was relying on the defendant's credit and ability to pay, and not upon the credit or ability of another.

3. CONTRACTS—*Release—Novation—Intent—Question for Jury.—Instructions.*—Whether or not the taking by the plaintiff of the notes of a third party for a debt due the plaintiff by the defendant was a release of the defendant from liability was a question of intent to be determined by the jury from all the evidence in the case, but if there was no evidence sufficient to show such intent, an instruction which told the jury they must find for the plaintiff unless they believed that he had accepted the third person as his debtor, and had agreed to release the defendant from liability for the debt, was not prejudicial to the defendant.

Error to a judgment of the Circuit Court of the city of Norfolk in a proceeding by motion for a judgment. Judgment for the plaintiffs. Defendant assigns error.

*Affirmed.*

The opinion states the case.

After all of the evidence was in the defendant moved the court to give the following instruction:

"The court instructs the jury that if they believe from the evidence that after the sale of the machinery, for the price of which this suit was brought, the defendant informed the plaintiff that the same was bought for the Norfolk Brick Company, Incorporated, and not for himself, and that thereafter the plaintiff accepted and recognized the Norfolk Brick Company, Incorporated, as its debtor therefor instead of the defendant, and did not look to the defendant for the payment of the same, then they must find for the defendant."

But the court refused to give said instruction as asked, but amended the same so as to read as follows:

"The court instructs the jury that if they believe from the evidence that after the sale of the machinery, for the price of which this suit was brought, the defendant informed the plaintiff that the same was bought for the Norfolk Brick Company, Incorporated, and not for himself, and thereafter the plaintiff accepted and recognized the Norfolk Brick Company, Incorporated, as its debtor therefor instead of the defendant, and agreed to release the said defendant and not look to the defendant for the payment of the same, then they must find for the defendant"; and gave to the jury the said instruction as amended, to which action and ruling of the court in refusing to give the said instruction as asked, and in giving the same as amended, the defendant, by counsel, excepted and tendered this his bill of exceptions No. 5, which is signed, sealed, enrolled and ordered to be made a part of the record.

*Jeffries, Wolcott, Wolcott & Lankford,* for the plaintiffs in error.

*E. R. F. Wells, Hugh C. Davis* and *Hugh W. Davis,* for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

This action was brought by Steele & Sons upon motion pursuant to the statute to recover of the defendant, R. B. Fentress, $3,262, the price and value of certain machinery sold and delivered by the plaintiffs to the defendant; and at the trial of the cause, on a joinder of the plea of the general issue there was a verdict and judgment for the amount of the debt, with interest as fixed by the verdict of the jury, which judgment we are asked to review and reverse.

For convenience, we shall speak in this opinion of the plaintiffs below, defendants in error here, as Steele & Sons, and the defendant below, plaintiff in error here, as Fentress.

On August 7, 1906, Fentress, of Norfolk city, Va., being desirous of erecting a brick plant in said city, wrote a letter to Steele & Sons, of Statesville, N. C., dealers in brick machines, requesting a quotation of the price of a brick plant such as Fentress wanted, and after some correspondence a representative of Steele & Sons called on Fentress and had an interview with him in regard to the matter. By letter of August 24, 1906, Steele & Sons wrote Fentress making to him a distinct and definite offer to furnish him a certain plant, such as he wanted, at a stipulated price, and after further correspondence Fentress wrote Steele & Sons accepting their offer as set forth in a letter of Steele & Sons to him of August 24, 1906. In this correspondence, Fentress' letters to Steele & Sons were written by him as an individual and upon his private letter head, bearing only his name; and the letters of Steele & Sons were addressed to R. B. Fentress individually, and there is no suggestion in any of this correspondence that Fentress was acting for another or in any other capacity than on behalf of himself individually.

On November 26, 1906, when Fentress was ready for the machinery or plant he wrote Steele & Sons on his private letter paper, signed by him as an individual, requesting shipment of the plant, giving certain shipping instructions; and the plant

was shipped in accordance with these instructions direct to Fentress; the bill of lading for same being, on December 17, 1906, sent direct to him.    At this time a memorandum of the shipment was made by Steele & Sons in the name of R. B. Fentress, but later, in March, 1907, the account was formally charged on their books against "R. B. Fentress, Norfolk B. Co., Norfolk, Va."; it being explained in the evidence in this case that at that time Steele & Sons supposed Fentress called his brick yard the Norfolk Brick Co.—i. e., they thought it was a trade name, and as such, or as a designation of address, they added the words "Norfolk B. Co." to the charge against Fentress.

On June 21, 1907, no payment having been made for the plant Steele & Sons wrote the "Norfolk, Va., Brick Co." (thinking that the name under which Fentress was trading), requesting a settlement of the account, and this letter was replied to by Fentress on June 24, 1907, in which he for the first time (so far as the correspondence goes to show) stated that the Norfolk Brick Co. was a corporation, and suggested that Steele & Sons accept notes of the "Brick Co." in settlement of the account. With respect to that suggestion, quite a correspondence followed between Fentress and Steele & Sons, the result being that on September 21, 1907, the Norfolk Brick Co. sent to Steele & Sons its three notes for $1,087.33 each, which were accepted by Steele & Sons; but it is insisted on the part of Steele & Sons that at the time of the acceptance of these notes there was no such understanding, expressed or implied, with Fentress, that he was to be released from liability to Steel & Sons on the original contract made with him; and certainly no express contract to that effect appears in the correspondence leading up to the taking of these notes by Steele & Sons, while H. O. Steele, who seems to have conducted the correspondence on the part correspondence, and positively, that he did not intend at any of his firm, testified at the trial of this case with respect to the time to release Fentress from the obligation of the original contract, and that he regarded Fentress as the debtor.

The said notes were not paid at maturity, and this action

followed, resulting, as stated, in the judgment to which a writ of error was awarded by this court.

It was insisted by Fentress at the trial, that what occurred between him and a representative of Steele & Sons in an interview on August 18, 1906, was competent and relevant testimony with respect to the issue as to what was the contract between the parties, but the court refused to allow this evidence to go to the jury, for the manifest reason that the correspondence in evidence set forth the entire contract between the parties, no reference being made therein to any oral negotiations which were to be considered as entering into and forming a part of the contract; and this ruling of the presiding judge was plainly right. Throughout this correspondence there is not a reference to the Norfolk Brick Company, nothing to intimate that it does not evidence the understanding of the parties, or that Steele & Sons were to look to anyone for the cost price of the brick plant they delivered to Fentress other than Fentress himself. Unlike the case of *Strause* v. *Richmond Woodworking Co.,* 109 Va. 724, 65 S. E. 659, Fentress conducted his correspondence with Steele & Sons in his individual capacity, and without reference to the liability of anyone other than himself for the purchase price of the brick plant, which was delivered to and accepted by him; and without reference to any negotiations other than by correspondence that were to enter into and form a part of the contract, or of the evidence of the contract; while in the *Strause case* there was not only enough in the correspondence to show that oral negotiations were to be considered in determining what the contract was, as to who was to be bound for the purchase price of the articles ordered by Strause "for American Shock Binder Corp.," but the articles were actually delivered to the corporation, and there was no intimation of a purpose on the part of the vendor company to demand payment of Strause until the corporation, from which part payment had been received, became insolvent. Here Fentress set up no claim that he was not bound by his contract evidenced by the correspond-

ence with Steele & Sons to pay for the brick plant shipped to and received by him until the brick company he organized and capitalized had become hopelessly insolvent.

In 17 Cyc., p. 716, the law is stated to be, that if the written agreement imports on its face to be a complete expression of the whole agreement—that is, contains such language as imports a complete legal obligation—it is conclusively presumed that the parties have introduced into it every material term, and parol evidence cannot be admitted to add another term, although the writing is silent as to the particular one to which the parol evidence is directed. The writing cannot be proved to be incomplete by going outside and proving that there was an oral stipulation entered into and not contained in the written agreement, nor can parol evidence be admitted to prove a contemporaneous agreement that a written instrument which appears upon its face to be duly executed, intelligible, unambiguous, reasonable and complete, should be considered only as the basis or outline of a contract to be subsequently filled out with stipulations other than those stated in the writing.

The case of *Walker* v. *Christian,* 21 Gratt. 291, relied on by counsel for Fentress, fully recognizes the principle stated in the quotation just made. See also *Waddill* v. *Sebree,* 88 Va. 1015, 14 S. E. 849, 29 Am. St. Rep. 766; *Newberry L. Co.* v. *Newberry,* 95 Va. 119, 27 S. E. 899; 1 Greenleaf on Ev. (16 ed.) secs. 277-281. This principle is, however, recognized in all courts, and further citation of authority is unnecessary. Moreover, if the evidence rejected by the court in this case had been admitted, its effect would not have been to discharge Fentress from liability on the contract. Its only effect would have been to show that there was a liability on the Norfolk Brick Company as well as Fentress. *Strause* v. *Richmond Woodworking Co., supra.*

While H. O. Steele was testifying on behalf of the plaintiff, he was, over the objection of the defendant, permitted by the court to state that while the negotiations for the sale of the

brick machinery to the defendant, Fentress, were going on, he (witness) inquired into "the rating," the "financial rating," of Fentress; and this ruling of the court is assigned as error.

We are of opinion that there is no merit in this assignment. The evidence was relevant as tending to show that the plaintiffs, Steele & Sons, in making the contract with Fentress, were relying on his credit and ability to pay, and not upon the credit or ability to pay of another. The questions propounded to the witness, H. O. Steele, were not propounded and permitted to be answered until the defendant had undertaken to show that the plaintiffs, Steele & Sons, had not in the first instance considered that Fentress was their debtor.

The court instructed the jury that the letters which passed between the plaintiffs and the defendant, Fentress, prior to the sale and delivery of the machinery to Fentress, constituted a contract whereby the plaintiffs became bound to sell and deliver to Fentress the machinery mentioned, and Fentress became bound to pay the plaintiffs the purchase price of same, in accordance with the provisions set forth in those letters; and the giving of this instruction is assigned as error.

We are of opinion, for the reasons already stated, that this was not error. Now whether or not the subsequent transaction in which the plaintiffs took the notes of the Norfolk Brick Company for the amount of the indebtedness to the plaintiffs for the machinery was a release of Fentress from liability, was a question of intent, a fact for the jury to determine upon all the evidence in the case; and since there is no evidence in the record tending to show, certainly none sufficient to show, that such was the intent of the parties, the instruction could not have misled the jury to the prejudice of the defendant Fentress.

Without again re-stating the evidence, it need only be said that it was plainly sufficient to warrant the jury in their finding, and the judgment of the trial court refusing to set the verdict aside is without error.

The judgment complained of is affirmed.

*Affirmed.*