# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

LEE FLEENOR v. RALPH DORTON, REGISTRAR, ETC.

April 26, 1948.

Record No. 3306.

Present, All the Justices.

The opinion states the case.

*S. H. & Geo. C. Sutherland*, for the plaintiff in error.

*Vernoy B. Tate* and *John Roberts*, for the defendant in error.

MILLER, J., delivered the opinion of the court.

On the 21st day of June, 1947, Lee Fleenor filed his petition in the Circuit Court of Wise county against Ralph Dorton, Registrar. He asserts that he is a resident of Wise county, Virginia, and the defendant is the registrar in the precinct wherein petitioner resides.

The petition is a proceeding by appeal under the provision of section 103 of the Code of Virginia 1942 (Michie), from a refusal of the registrar to enroll and register petitioner as a voter in Wise county.

In his petition, Fleenor sets forth in detail matter and qualifications which he claims entitle him to register, such as his citizenship, residence within the State, county and precinct for the respective periods of time required, payment of poll taxes for three years, etc., and that on June 12, 1947, he "presented himself during business hours to the defendant and requested to be allowed to register." He further alleges that the registrar refused to allow him "to make the application required by law, and refused to furnish a suitable place with chair, table," etc., as designated in the statute for his use in making such written application.

The prayer of the petition is that "an appeal from this action and refusal" of the registrar be allowed and that the registrar be required to furnish a convenient place with the necessary articles enumerated in section 103 to enable him to register, and that the registrar "be commanded and compelled to enroll the petitioner's name as a registered voter."

This petition was sworn to and presented to the circuit court within the time necessary for such an appeal.

The defendant appeared and filed a general demurrer. There was no motion made to specify grounds of demurrer and, upon argument, it was sustained and the petition dismissed.

In the petition presented to this court for a writ of error, it is stated that the trial court said its reason for such dismissal was because petitioner's remedy was mandamus.

Sections 93 and 103 of Chapter 10 of the Code of Virginia 1942, . (Michie), which chapter is entitled, "The Qualification and Privilege of Voters; How They are Registered, and How They Vote," set out in detail the specific qualifications required of a person desiring to be registered as a voter and the means and procedure by which it shall

be accomplished. The pertinent parts of these sections are as follows:

Sec. 93: "Each registrar shall register every citizen of the United States, of his election district, who shall apply to be registered *at the time and in the manner required by law,* * * * and unless physically unable to do so," (he) "shall make application to the registrar in his own handwriting, without aid, suggestion, or memorandum, in the presence of the registrar, stating therein his name, age, date, and place of birth, residence, and occupation at the time and for the two years next preceding, * * * and shall answer on oath any and all questions affecting his qualifications as an elector submitted to him by the registrar, which questions and answers thereto shall be reduced to writing, certified by said registrar, and preserved as a part of the official records.

"* * * It shall be the duty of the registrar to furnish a suitable and convenient place, with necessary table, chair, paper, and ink or pencil to be used by persons desiring to register in writing their application for registration * * *. It shall also be the duty of the registrar to preserve the written application of all persons who are registered, or who are denied registration by him for at least one year after such application is presented, said written application to be filed and kept with the registration books and preserved as a part of the official records. If a person is refused registration, he shall be at once notified of such refusal." (Italics ours.)

Sec. 103: "Any person denied registration shall have the right to appeal, * * * to the circuit court of the county * * * by presenting to such court or judge, within ten days thereafter, a petition in writing to have his right to register determined, containing a statement of the facts proved before the said registrar, to which the registrar shall make answer in writing. The matter shall be heard and determined upon such petition and answer and such evidence as may be introduced in support thereof. * * * Judgment in favor of the petitioner shall entitle him to registration."

There is no statute that defines the phrase "at the time and manner required by law," except as is partially done in section 93. The hours and place for making such application are not specified in that or any other section of the Code.

However, the manner, means and particulars of how the application is to be made are set forth in some detail. Principal among the requirements is that it shall be made in the applicant's own handwriting, without aid or suggestion, and in the presence of the registrar. The applicant is also required to answer on oath "any and all questions affecting his qualifications of an elector submitted to him by the registrar," but only those that affect such qualifications. *Davis* v. *Allen*, 157 Va. 84, 160 S. E. 85, 76 A. L. R. 1234. It is required that the questions and answers, certified by the registrar, and the written application be preserved.

It therefore appears that the requirements and duties imposed upon the applicant and registrar contemplate the making of such a written record as will fairly present the qualifications of the applicant, and this is to be filed and preserved for at least a year. Among the purposes so served is that if registration be denied and appeal be taken by the applicant, this entire record may be promptly presented to the court. The court may then, on the petition of the applicant, the registrar's answer thereto, and the record, determine whether or not the applicant should have been allowed registration. *Davis* v. *Allen, supra.* In and by the appeal, with this application and record presented, it is determined whether or not the applicant should be registered and if so, such is accomplished.

In the case at bar, the petitioner complains that he was denied an opportunity and right to make the written application. Having been denied the opportunity, he sought full redress by appeal under section 103. By that procedure he brought nothing before the circuit court on which it could determine whether or not he was entitled to register. There was no application or record upon which to act.

Upon an appeal under section 103, if judgment be rendered for the petitioner, registration is mandatory. Should registration have been effected in and by this proceeding, the trial court would have been performing the duties of the registrar, which is not contemplated as the court acts strictly as a court of appeal and not a court to try the matter *de novo*.

The demurrer was therefore properly sustained *to the petition for an appeal as such under section 103 of the Code.*

Petitioner now takes the position that, if the record was lacking in necessary matter actually to effect the registration by and before the circuit court, the court should have treated the petition as one for mandamus and compelled the respondent to allow the application to be made and register the petitioner.

Nowhere does the record show that the circuit court was at any stage of the trial requested to so treat the petition. Had motion been made to that effect, it would have been proper for it to have been granted as the petition substantially measures up to the requisites of one for mandamus; but had the proceeding been so treated, the relief that could have been granted would have been limited. The most that could have been effected would have been to require the defendant to provide a proper place, table, etc., to the end that petitioner might have the place, opportunity, and means fixed by statute to prepare and present his application, and the registrar could have been compelled to act thereon. The actual registration could not have been effected by the writ of madamus, for in the determination of whether or not the applicant should have been enrolled as a voter, the registrar exercises the discretion given him by law. His judgment thereon could not have been controlled. Only performance of the ministerial duty could be compelled by mandamus and not the exercise of the discretion of the party against whom the writ issued. *Rinehart, etc., Co.* v. *McArthur*, 123 Va. 556, 96 S. E. 829; Burks' Pleading and Practice, 3rd Ed.

sec. 412, p. 772; Va. and W. Va. Digest, Vol. 6, Mandamus, sec. 3, p. 937 and cases cited.

The principle recognized and adhered to in *Eubank* v. *Boughton*, 98 Va. 499, 36 S. E. 529, and *Spilter & Fauver* v. *Guy*, 107 Va. 811, 58 S. E. 769, that where a specific and adequate remedy is afforded then the extraordinary remedy of mandamus does not lie, is not applicable here. The provisions of sec. 103 are so limited in scope with reference to what may be appealed as to fall short of affording any remedy for the situation presented. It does not contemplate an order for actual registration upon the facts alleged when no application or record of any character is before the court. The necessity for enlargement of the relief obtainable upon appeal to include the adjudication of applicant's right to register, under such circumstances as are here presented, is obvious. Until this is done, that right cannot be determined on appeal where no application has been acted on by the registrar, and the petition for an appeal is therefore necessarily unaccompanied by a "statement of facts proved before the registrar."

The petition was also lacking in necessary allegations to obtain a writ of mandamus, and so was subject to demurrer. It fails to state *where* applicant presented himself for registration. It does allege that he presented himself during business hours. That allegation is sufficiently certain as to time, but we are left to speculate as to where petitioner presented himself to the registrar,—whether at his office, home, on the street, or elsewhere. This is obviously insufficient. That the application was made at a proper place cannot be inferred. The demurrer admits all properly pleaded factual matter, but not the pleader's inferences. Burks' Pleading and Practice, 3rd Ed., sec. 192, p. 323; *Newberry Land Co.* v. *Newberry*, 95 Va. 119, 27 S. E. 899, and *Van Dyke* v. *Norfolk So. R. Co.*, 112 Va. 835, 72 S. E. 659.

Had motion been made to treat this petition as one for mandamus and for leave to amend by proper allegation as to where the attempted application was made, it would

have been proper to allow such motion and amendment. If the attempted application was actually made at a proper place—a fact, however, that we do not know from the petition and are not allowed to infer—the allowance of the motion and amendment would have been in keeping with right and justice and would have effectually secured the right to the petitioner to present and have his application passed on by the registrar. If his application had then been rejected, his appeal under sec. 103 would have resulted in a final adjudication on the merits.

The results that could have been secured by an appeal under sec. 103, if the record had been sufficient, were wider in scope than those obtainable by a writ of mandamus. It appears that petitioner relied upon that section in the hope and desire of obtaining final registration. He failed in adjudication of his claim upon its merits because of insufficient data before the circuit court on which it could properly act. Confronted with this situation, we can not say that the court erred in not having *sua sponte* treated the petition as a petition for mandamus, suggested an amendment as to the place where the application to register was made, and if the amendment was sufficient, then overruled the demurrer.

While reasonable opportunity should be afforded a litigant to secure an adjudication of his rights on the pleadings before the court, and subtance should be looked to rather than form, it was not the duty of the court, of its own motion, to thrust upon the litigant a different procedure and relief from that which he relied on and sought.

For the reasons stated, the judgment of the trial court is affirmed.

*Affirmed.*