# Richmond

## SCHOOL BOARD OF CARROLL COUNTY V. S. N. SHOCKLEY, ET AL.

March 16, 1933.

Present, All the Justices.

The opinion states the case.

*L. E. Lindsay* and *Kirsh & Bazile,* for the plaintiff in error.

*G. P. Young, S. B. Campbell* and *John S. Draper,* for the defendants in error.

CHINN, J., delivered the opinion of the court.

This is a proceeding by petition filed in the Circuit Court of Carroll county under section 414 of the Tax Code (Code 1930, page 2243), by E. N. Shockley, asking for relief from certain levies for local taxes imposed upon petitioner's real estate and tangible personal property.

The levies complained of are: (1) A tax of fifty cents on the one hundred dollars of assessed value of the property, levied by the board of supervisors for the year 1930, under an act of the General Assembly, approved March 20, 1930 (Acts 1930, ch. 173), to provide funds for the erection and equipment of a public high school at Hillsville in said county; and (2) a tax of twenty-five cents on the one hundred dollars of assessed value of the property, being part of a tax of one dollar and twenty-five cents levied by the board of supervisors for the years 1929 and 1930 for county school purposes.

A copy of the petition was served on the Commonwealth's attorney of Carroll county, and on September 23, 1931, the court entered the following order:

"This day came again the parties by counsel, and the court having previously heard the evidence, and the commissioner of the revenue having been examined as a witness, and the application having been defended by the Commonwealth's attorney, as well as special counsel employed in the case, and the court now being advised of its opinion; doth adjudge, order and decree as follows:

"(1) That the fifty cents special tax for the purpose of building a high school in Hillsville is unconstitutional. (2) That the tax of twenty-five cents on the one hundred dollars of assessed valuation for county school taxes for the years 1929 and 1930 is illegal, and that the legal rate of county school tax for those years is one dollar."

To this order of the court the county school board of Carroll county applied for and was awarded a writ of error and supersedeas, thereby bringing the proceedings before this court for review.

The first question presented is the motion of the defendant in error to dismiss the writ of error on the ground that the county school board is not a party to the proceedings within the meaning of section 6336 of the Code, and, therefore, has no right to apply for the writ.

In support of the motion defendant in error relies upon the rule of construction placed upon the statute in *Snavely* v. *Snavely,* 151 Va. 273, 144 S. E. 422; *Southern Ry. Co.* v. *Glenn,* 102 Va. 529, 46 S. E. 776; *Board of Supervisors of Culpeper County* v. *Gorrell,* 20 Gratt. (61 Va.) 484; and kindred cases, to the effect that one complaining of a judgment "must not only be a party to the proceedings in the court below, but he must also be aggrieved by the judgment rendered therein to entitle him to obtain a supersedeas to said judgment; the two circumstances must concur."

While the immediate question involved has not heretofore been passed upon by this court, we think it was practically decided in the cases of *Town of Leesburg* v. *Loudoun Nat. Bank* and *Board of Supervisors of Loudoun County* v. *Loudoun Nat. Bank,* 141 Va. 244, 126 S. E. 196, 198. In

those cases the bank instituted proceedings under the statute for the correction of assessments for local taxes, imposed by both the town of Leesburg and the county of Loudoun upon the bank's stockholders. The judgment of the lower court was in favor of the bank, which contended in this court that the board of supervisors, not being a party to the proceedings, had no right of appeal from the judgment. After stating that "the question must be determined from a consideration of the statutes relating to that board," and discussing the powers and duties of the board under the statutes, the late Chief Justice Prentis said:

"This statutory proceeding for the correction of erroneous assessments does not in terms provide for naming any party defendant. Notice must be given to the attorney for the Commonwealth and the commissioner of the revenue must be examined as a witness, but neither of these are parties in interest. The true parties to the proceeding under this section are either the county or the municipality for the use of which the specific levy is made." The appeal taken by the board of supervisors in behalf of the county of Loudoun was accordingly upheld.

The instant case presents a somewhat analogous situation. Section 133 of the Constitution provides for the creation of a school board for each county and city, vested with the supervision of the public schools within their several jurisdictions, to be selected in the manner prescribed by law. Section 653 of the Code provides that each county school board shall be a body corporate, and may in its corporate capacity sue, or be sued, contract, or be contracted with, and clothed with all the powers and charged with all the duties, obligations and responsibilities imposed upon such board by law. Among the manifold powers and duties prescribed by the statutes on the subject, the county school board is vested with the exclusive control of all school property in the county, both real and personal, has authority to condemn land for and erect school houses, employ teachers, and to incur other expenses incidental to the proper operation and

administration of the public schools of the county. Under sections 656 and 676, the school board alone is vested with the use and control of all school funds, whether derived from State appropriations, local taxation, or other sources, and has exclusive authority to expend the funds set apart by law for school purposes. By section 676 the county school board is also given authority to employ counsel, and, with the approval of the court, to provide for and direct the payment of reasonable attorney's fees, whenever such action may be necessary "for the protection of the public schools of the county from loss or detriment from any cause."

It appears from the record before us that the county school board and the board of supervisors of Carroll county jointly employed special counsel to assist the attorney for the Commonwealth in defending the attack upon the levies in question, and cooperated in that respect throughout the proceedings in the court below, but before the petition for a writ of error was presented to this court the board of supervisors decided not to prosecute the appeal, and withdrew from the case.

In view of the above circumstances and the statutes relating to the subject, we see no good reason why the county school board of Carroll county should be denied the right of appeal in this case. The levies in question were not made by the board of supervisors for general county purposes, but for the exclusive use of the school board in the support and operation of the public schools of the county. Under the law the school board not only has the authority, but it is its duty, to protect the school revenues by proper legal action, whenever threatened with loss or detriment from any cause. We, therefore, think the county school board of Carroll county had the right to become a party defendant in the proceedings in the lower court as it did, and, being aggrieved by the judgment entered therein, is entitled to take this appeal. The motion to dismiss the writ of error is, therefore, denied.

Coming to the merits of the matter, the first question to

be considered is the constitutionality of the act of March 20, 1930 (Acts 1930, ch. 173), under which the special tax of fifty cents was levied. The body of the act reads as follows:

"1. Be it enacted by the General Assembly of Virginia, That the board of supervisors of Carroll county be, and is hereby, authorized, empowered and required to make a special levy, in addition to any and all other levies, of fifty cents on each one hundred dollars assessed value of all property, both real and personal, in the said county, subject to local taxation, for the years nineteen hundred and thirty, nineteen hundred and thirty-one and nineteen hundred and thirty-two, the proceeds of said levy for the three years, to be used for the purpose, and that only of paying for the erection and equipment of a high school building in the town of Hillsville, in said county, and/or for the redemption of loans made or debts contracted for said purpose.

"The said board shall make said levy for each of the three years mentioned, without advertising for and having a public hearing thereon. The funds arising from said levy shall be kept in a separate and special account by the treasurer of the county and paid out by him only on the warrants of the county school board of Carroll county, drawn on that particular fund."

In defining the respective positions taken by the parties with reference to the above act, the petition (quoted in substance) says this: "It was contended in the trial court that this statute violated the fifth clause of section 63 and section 168 of the State Constitution.

"It is the theory of your petitioner that a statute of this kind is not governed by the provisions of section 63, nor by the provisions of section 168 of the Constitution, but that its validity is to be determined by the provisions of section 136 thereof; and that, while the said act does not conflict with either section 63 or section 168, aforesaid, it is a valid statutory enactment under authority of section 136 of the

Constitution and the general power possessed by the General Assembly."

Section 136 of the Constitution provides as follows: "Each county, city or town, if the same be a separate school district, and school district is authorized to raise additional sums by a tax on property, subject to local taxation, not to exceed in the aggregate in any one year a rate of levy to be fixed by law, to be apportioned and expended by the local school authorities of said counties, cities, towns and districts in establishing and maintaining such schools as in their judgment the public welfare may require; provided that such primary schools as may be established in any school year shall be maintained at least four months of that school year, before any part of the fund assessed and collected may be devoted to the establishment of schools of higher grade. The boards of supervisors of the several counties, and the councils of the several cities and towns, if the same be separate school districts, shall provide for the levy and collection of such local school taxes."

The above section is a part of Article IX of the Constitution, which deals with the subject of "Education and Public Instruction."

The first section of that article (section 129) imposes a mandatory duty on the General Assembly to establish and maintain an efficient system of free schools throughout the State. The second, third, fourth and fifth sections of the article provide for the creation of State and local agencies charged with the management, control and operation of the free school system. Section 134 provides for the establishment and maintenance of the literary fund. Section 135 provides what State funds and revenues shall, or may be, appropriated by the legislature for the support of the public school system, and directs how such appropriations shall be apportioned for the benefit of the people.

Realizing that the funds provided by the State might not be sufficient to maintain an efficient system of schools throughout the Commonwealth, the framers of the Constitu-

tion then made provision by section 136, whereby "Each county, city or town, if it be a separate school district, and school district is authorized to raise additional sums by a tax on property, subject to local taxation, not to exceed in the aggregate in any one year a rate of levy to be fixed by law, * * *." There is coupled with this authority a declaration of the purposes for which this money can be expended, and a limitation upon its disbursement, for the Constitution provides that the additional sums so realized are "to be apportioned and expended by the local school authorities of said counties, cities, towns and districts in establishing and maintaining such schools as in their judgment the public welfare may require."

The same section then provides: "The boards of supervisors of the several counties, and the councils of the several cities and towns, if the same be separate school districts, shall provide for the levy and collection of such local school taxes."

Considering these clear and unqualified provisions, as placed in the Constitution, and in connection with the related provisions thereof, it is obvious that it was the purpose of this section to vest in the local authorities of each county and school district of the State the exclusive power to determine what additional sums, if any, should be raised by local taxation to supplement the funds provided by the State for the support of the schools in the respective counties and school districts; and the exclusive power to levy the tax for school purposes on the property specified, if any is imposed, subject only to the limitation that if any tax at all is levied it shall not "exceed in the aggregate in any one year a rate of levy to be fixed by law."

The local authorities of each county and school district being thus vested with the exclusive power to impose local taxes for school purposes under this section, the necessary implication is that the General Assembly is prohibited by the Constitution from exercising that power.

This construction of the section (136) is in accordance

with the interpretation placed upon it by the legislature itself in the statutes relating to the subject. In Code, section 698, we find that the General Assembly, in order to perform its sole prerogative under this section of the Constitution, has fixed the maximum rate of levy which the several counties and school districts may impose thereunder, in exact accordance with the provisions and terms of that section. Code, section 657, provides that the division superintendent of schools shall, with the advice of the school board, prepare an annual estimate of the amount of money which will be needed during the next scholastic year for the support of the public schools of the county, to be presented to the board of supervisors as a basis of taxation for school purposes; and section 658 provides that the board of supervisors shall include in the county budget, the budget for the schools of the county, a synopsis of which shall be published as required by chapter 37 of the Acts of 1927, extra session (now chapter 102A, sections 2577-1-2577-o, of the Code), requiring such budget to be published and notice given of public hearings thereon. The aforesaid construction is also in harmony with section 171 of the Constitution, by which real estate and tangible personal property is segregated for, and made subject to, local taxation only.

As seen, the act under consideration directs that the proceeds of the levy thereby imposed shall be used solely for the purpose of paying for the erection and equipment of a high school building at Hillsville, thereby depriving the local school authorities of Carroll county of the power conferred upon them by the Constitution of determining for themselves the requirements of the public welfare, and, by the exercise of their own judgment, deciding how that welfare may best be subserved.

The act also makes it mandatory upon the board of supervisors of the county to make a special levy, in addition to any and all other levies, of fifty cents for three successive years, without advertisement or a public hearing, regardless of the condition of the county and the circumstances of

its people, and for a purpose which both the school board and the board of supervisors of the county, in the exercise of the discretion conferred upon them by the Constitution, might feel to be unnecessary and detrimental to the public welfare. Manifestly, it was not contemplated by the framers of the Constitution to permit the legislature to nullify the powers and discretion thereby conferred upon the local authorities of the several counties and school districts of the State, as is attempted to be done by the act under consideration.

We are, therefore, of opinion that the act not only violates the clear intendment of section 136 of the Constitution, but is inhibited by the necessary implications, if not by the express terms, of that section.

It is argued that the statute is valid because the General Assembly has from time to time passed special acts permitting individual counties to assess school taxes at different rates. It is true that section 698 of the Code—which was enacted to carry out section 136 of the Constitution —provides that certain counties therein named may levy school taxes at a higher maximum rate than that fixed by its general provisions; but the rate of the levy which may be authorized by the legislature under the above section of the Constitution is not the question here involved. As appears from the views hereinbefore expressed, we consider the act in question to be invalid regardless of the rate of taxation thereby attempted to be imposed, and regardless of whether that rate is different from the rate fixed for other counties or by the general law on the subject.

The action of the court in holding invalid the county school tax of twenty-five cents on the one hundred dollars assessed by the board of supervisors for the years 1929 and 1930 is assigned as error.

The validity of this tax is controlled entirely by section 698 of the Code, and by the Constitution. By reference to that section it will be seen that the maximum tax authorized to be levied by a county under section 136 of the Constitu-

tion for county school purposes is fixed by the general provisions of the statute at one dollar on the one hundred dollars of assessed value of the property. In addition to this, the board of supervisors, for purposes therein specified, is authorized to levy a district tax in the magisterial district in which the money is to be spent, not exceeding twenty-five cents on the one hundred dollars of assessed value of the property in the magisterial district in any one year. Under the revised school laws, a magisterial district is not a separate school district, and by the plain provisions of the statute this district tax is entirely separate from the county school tax, and can only be used in the magisterial district in which it is levied.

It appears that the Board of Supervisors of Carroll county added the twenty-five cents, authorized by the statute to be levied as a district tax, to the tax of one dollar fixed by the statute, under the Constitution, as the maximum rate of taxation for county school purposes, thereby levying a county or district school tax of twenty-five cents on the one hundred dollars in excess of the rate of levy fixed by law for such purposes. We, therefore, think that in holding this excess of twenty-five cents to be invalid the trial court was plainly right.

In view of the above conclusions, it is unnecessary to discuss the question of whether or not the act under consideration is prohibited by sections 63 and 168 of the Constitution, as claimed by defendant in error.

For the reasons stated, we are of opinion that the judgment of the trial court must be affirmed.

*Affirmed.*