# 𝕾𝕥𝕒𝕦𝕟𝕥𝕠𝕟

### Scott County School Board v. Scott County Board of Supervisors.

September 23, 1937.

Present, All the Justices.

The opinion states the case.

*S. H. Bond, Cecil D. Quillen* and *H. E. Widener,* for the petitioners.

*E. H. Richmond* and *Burns & Lively,* for the respondents.

PER CURIAM.

This is a continuation of the controversy existing between the board of supervisors and the school board of Scott county. At the September, 1936, term of the court we had a somewhat similar question presented upon similar procedure and between the same parties. The parties appear to be in no mood to co-operate; though by implication, at least, the General Assembly through its enactments assumes that there will be a cooperation between the two boards, in order to provide for and improve our free schools.

The Constitution provides that it shall be the duty of the General Assembly to provide for and maintain the public school system (Constitution, section 129), and the General Assembly has complied with that requirement by the enactment of a School Code, Acts 1928, ch. 471, as amended, Michie's Code 1936, sections 611 to 718, inclusive; and again by Acts of Assembly of 1936, ch. 314, p. 497.

The school board argues, just as it did before, that the board of supervisors has no discretion in acting upon the school budget as presented by the school superintendent, but it must lay a levy to take care of the budget just as it is made up. In other words, the school board contends that the board of supervisors has no right to increase or decrease the budget as submitted but *must* raise the necessary revenue to take care of it.

It will be recalled that in the other case the board of supervisors rejected the school budget in its entirety, the result of which constituted a threat to all schools in the county. To save the situation and to insure the continuance of the schools we granted a mandamus and required the board of supervisors to lay a levy sufficient for that purpose. However, by that action we did not mean that the board of supervisors should be stripped of all power and control over the school budget and school expenses; we think they still have the right, in the exercise of a reasonable discretion, to control the estimates submitted by the school board.

The present case is one in which the supervisors have curtailed the estimates submitted some $23,000 and have approved a budget less that amount and have laid a levy to take care of the budget as curtailed. The $23,000 taken out of the budget embraces amounts scaled from various items. Some of the items were eliminated entirely.

The question now presented is whether the board of supervisors had the right to reduce the budget. The school board conceded the right of the board of supervisors to curtail the budget in the former case. They charged in paragraph 14 of their petition in that case that it was the duty of the board of supervisors to correct the budget if it was incorrect and adopt it as corrected.

■ We think the board of supervisors had the right and it is their duty to scan the items of expense of the school system. By an act of 1934, ch. 97, p. 140, the General Assembly directs that the schools must be kept open for eight months each year. Counties shall provide from local school taxes for supplementing State funds in such amount as may be necessary for the purpose—and to secure competent teachers "to the degree that financial ability and community interest in education will permit." Section 2. The financial ability of a county is better known to the board of supervisors than to any one else, and it is their duty to determine whether or not the estimates submitted for school purposes are in line with the "financial ability" of the county.

■ Section 656 provides the things the school board must do and among them "to incur such costs and expenses, but only such costs and expenses as are provided for in its budget without the consent of the tax levying body." This simply means that whatever costs or expenses are incurred must be shown in a budget which has been approved by the board of supervisors or by its consent.

Section 657 of the Code provides that the school budget must "clearly show all necessary details in order that the board of supervisors * * * may be well informed as to every item of the estimate. On a basis of this estimate,

the division superintendent of schools shall *request* the board of supervisors * * * to fix such school levy * * * for the operation of the schools; * * *. Neither the supervisors * * * nor the council * * * can decrease at any time *in a school term* the amount appropriated by such supervisors * * * for schools for *said term,* * * *. If the board of supervisors * * * refuse to lay such levy * * * as is recommended and requested by the division superintendent, then, on a petition of not less than 20 per centum *of the qualified voters* of the county * * * requesting the same, the circuit court * * * or the judge thereof in vacation may, in its or his discretion order an election by the people * * * to be held during the month of June, to determine whether such levy * * * shall or shall not be fixed, * * *." (Italics supplied.)

██ This act clearly shows the legislative intent to place in the hands of the board of supervisors the power and duty of supervising school expenses. It provides that a detailed estimate must be submitted to the board of supervisors in order that the members may be properly informed of the expense. It further provides that the school superintendent must request the board of supervisors to lay the levy in accordance with the estimate and that after the appropriation is made the board of supervisors cannot decrease it during the school term. This is but another way of saying that they have the right to curtail the budget prior to the school term.

██ We do not think the burden is upon the school board to set in motion the machinery for an election. This is for 20 per cent of the qualified voters. However, from the related constitutional and statutory provisions we are quite sure that the General Assembly intended for the board of supervisors to curtail the school budget if in the exercise of a reasonable discretion it thought the budget excessive. Mandamus does not lie to control discretion and therefore it should be denied. *Eubank* v. *Boughton,* 98 Va. 499, 36 S. E. 529.

*Petition dismissed.*