JAMES HUEY, et al.

*v.*

CHARLES KING, et al.

415 S.W.2d 136.

(*Jackson,* April Term, 1967.)

Opinion filed May 5, 1967.

P<small>ALMER</small> & W<small>ALKER</small>, Dyersburg, for appellants.

H<small>EATHCOCK</small> & C<small>LOYS</small>, and W<small>HITE</small> & F<small>IELDS</small>, Union City, for appellees.

M<small>R</small>. C<small>HIEF</small> J<small>USTICE</small> B<small>URNETT</small> delivered the opinion of the Court.

The parties will hereinafter be referred to as they appeared in the trial court; that is, the complainants and the defendants.

This appeal is made on behalf of the complainants from an order of the trial judge sustaining the defendant's demurrer and dismissing the amended bill of the complainants.

The complainants in this cause are James Huey, a member of the Board of Aldermen for the Town of Obion, and Lawrence Fox, Mayor of Obion. The defendants are Charles King, Dale Glover, Horace Yates, Hale Smith and T. C. McCullough, all of whom are members of the present Board of Aldermen of Obion. The original bill also named as defendants Chester Thompson and E. A. Watson, but the suit was dismissed as to these persons upon motion of the complainants.

On February 16, 1966, the complainants commenced this suit in the nature of a mandamus against the defendants, who are the remaining members of the Board of Mayor and Aldermen for the City of Obion. Among other things, the bill sought to compel the defendants to place a tax assessment on the stock of goods of the merchants of Obion and on the bank stock of the Commercial Bank of Obion. To this bill, a demurrer was interposed on behalf of the defendants. Upon the trial court's sustainment of the demurrer, complainants filed an amended bill, which was dismissed on defendants' motion to strike since it failed to cure the deficiencies of the original bill. An appeal was seasonably perfected and the complainants are presently before this Court to challenge the propriety of the trial judge's decision sustaining the demurrer.

The primary question presented by this appeal is whether or not the Board of Mayor and Aldermen of the Town of Obion can be compelled by judicial order to assess and collect ad valorem taxes on certain property heretofore not assessed by the Board.

The rule is widespread that whether or not mandamus will lie to compel the assessment of taxes depends upon whether the duty with respect to that matter is dis-

cretionary or ministerial. See, e.g., 34 Am.Jur., "Mandamus," sec. 214, pp. 982, 983; 55 C.J.S. Mandamus sec. 182b (4), pp. 355, 356. If ministerial, the writ is available; however, if the matter is discretionary, the writ will not lie in the absence of a flagrant abuse of the discretion. Speaking of the rule in 34 Am.Jur., "Mandamus," sec. 215, p. 984, the author states:

"So, where, through neglect, bad faith, or otherwise, property subject to taxation has escaped assessment, mandamus may issue to compel the officials to list and assess the property. *But to the extent that the officers have a discretion in the matter, such discretion will not, unless abused, be controlled by mandamus.*" (Emphasis added.)

The issue in this case resolves itself to whether or not, under the Charter of the Town of Obion, the Board of Aldermen has a mandatory duty to assess and collect taxes on all property which is subject to taxation. If such a duty does exist, the Board of Aldermen can be compelled by mandamus, or otherwise, to assess the heretofore non-assessed property consisting of the stock of goods of the merchants in Obion and to the bank stock of the Commercial Bank of Obion. However, if the obligation of the Board of Aldermen is merely discretionary, insofar as the assessment of taxes is concerned, such discretion cannot be interfered with by the courts in the absence of clear abuse.

After close study of the Charter of the Town of Obion, this Court feels compelled to agree with the decision of the lower court, to the effect that there is no mandatory duty on the defendants, as members of the Board of Aldermen, to assess all property which is merely subject to taxation. Consequently, the Board's majority decision

not to assess the stock of goods of Obion merchants, nor the bank stock of the Commercial Bank of Obion, is not subject to interference by the courts. Such being the case, the demurrer was properly sustained.

We cannot accept the complainants' contention that the Charter of the Town of Obion requires that the property in question be taxed. A perusal of the Charter leaves no doubt that the assessment of municipal taxes is left to the discretion of the Board of Mayor and Aldermen. The City Charter, which is found in the Tennessee Private Acts of 1911 (Chapter 313, H.B. No. 174), provides as follows:

"Sec. 11. * * * That the said municipality *shall have power* to assess property for taxation and levy and collect taxes—ad valorem, privilege, and polls— for corporation and school purposes upon all taxable property, polls, and privileges within the corporate limits of said town. * * *

"Sec. 12. * * * That all property, real, personal and mixed situated within the corporate limits of said town and subject to taxation for State and county purposes, shall also be *subject to taxation* for municipal purposes * * *.

"Sec. 13. * * * that the Board of Mayor and Aldermen of said town *may* by resolution direct the City Attorney to institute proceedings under provision of the general laws for the reassessment or back assessment of real or personal property, or for the assessment of such real or personal property that has escaped assessment." (Emphasis supplied.)

■ Unquestionably, the tenor of the above provisions is that matters concerning the assessment of municipal

taxes shall be reserved to the discretion of the Board of Mayor and Aldermen.

It should be observed that Section 11 merely grants to the municipality the "power" to assess taxable property. "Power" simply connotes a discretionary authority to perform; whereas "duty" indicates a mandatory obligation to do so. The Supreme Court of Appeals of Virginia has recently considered an analogous problem. In *Griffin v. Board of Supervisors of Prince Edward Co.* (1962), 203 Va. 321, 124 S.E.2d 227, the petitioner sought a writ of mandamus to compel the defendants to levy certain taxes and make appropriations for the maintenance of the public schools of the county. The petitioner contended that under the constitution and statutes of that state, there was a mandatory duty on the part of the defendants to levy and collect certain taxes and that, contrary to the defendants' contention, there was no discretion involved. Denying the relief sought, the Virginia Court held:

"We find in neither Section 136 of the Constitution nor in the statutes implementing it, any support for the petitioners' contention that the Board of Supervisors is under the mandatory duty to levy local taxes and appropriate moneys for the support of public free schools in the county.

"By the first sentence of the constitutional provision the local political unit 'is authorized,' * * * not 'required,' to raise the additional sum. The words 'is authorized' denote a grant of power and discretion to act, but not a command or requirement to act."

While the language involved in the *Griffin* case is different from that under consideration in the present case,

the reasoning is the same. Generally speaking, the mere fact that a person or body possesses the authority or power to perform certain acts does not make it mandatory that such acts be performed.

Furthermore, it is significant that the charter merely provides that property of the kind in question shall be "subject to taxation." Again this provision cannot be construed as a mandate that such property *must* be taxed. This provision merely sets out the classes of property which are subject to the Board's discretion as to whether or not it shall be taxed.

Finally, the act provides that the Mayor and Board of Aldermen "may" by resolution direct the assessment of any property which has escaped assessment. It is well settled that the term "may" does not confer on a person a mandatory duty; the term is permissive and operates to confer a discretion. See, e. g., *Sanford Realty Company v. City of Knoxville,* 172 Tenn. 125, 110 S.W.2d 325; 26A Words & Phrases, "May—in Statutes," p. 404.

As a last resort, complainants insist that the defendants have violated T.C.A. sec. 6-209 which prohibits a municipality from exempting any property from taxation which is not exempt by the laws of the State. We find no evidence to support this allegation. There is neither allegation nor proof that the defendants have ever voted to exempt any person, concern or class of property from taxation. By deciding not to assess certain property which they had authority to tax, the defendants have merely exercised the discretion given them under the city charter; and such inaction does not constitute an exemption within the meaning of T.C.A. sec. 6-209.

In summary, we hold that, under the Charter of the Town of Obion the Board of Mayor and Aldermen does

not have a mandatory duty to assess ad valorem taxes on the stock of goods of the Obion merchants nor on the bank stock of the Commercial Bank of Obion. The Board is vested with the discretion to assess these classes of property and this Court will not interfere with such discretion absent a clear and unequivocal showing of abuse. We find no such abuse in this case, and therefore, are of the opinion that the trial court was correct in sustaining the defendants' demurrer to the complainants' bill.

The judgment of the lower court is affirmed.