Irvin **TERRILL**, Mayor, et al., Appellants,

v.

Albert W. **BARBER**, Jr., et al., Appellees.

Court of Appeals of Kentucky.

Oct. 25, 1974.

John B. Anderson, Owensboro, for appellants William O. Bradley, Joseph Fono, Marks M. McIntyre, Mark S. Lambert and Vernie Bidwell.

Hugh D. Moore, Owensboro, for appellants Irvin Terrill, Alton Puckett, Jack Fisher, John D. Miller and Waitman Taylor.

Albert W. Barber, Jr., Owensboro, for appellees.

CULLEN, Commissioner.

A citizen and taxpayer of the City of Owensboro, Kentucky, brought this suit against the mayor and the members of the board of commissioners, seeking a judgment requiring the board of commissioners to adopt an ordinance fixing a compulsory retirement age for police and firemen. A number of police officers intervened as defendants, opposing the suit, and one police officer and one fireman intervened as plaintiffs, supporting this suit. The circuit court entered judgment directing that such an ordinance be adopted. The original and intervening defendants have appealed.

The judgment was based on the lower court's interpretation of KRS 95.858 as requiring cities of the second class (of which Owensboro is one) to fix by ordinance a compulsory retirement age for police and firemen. That statute, which is part of an Act establishing a "Policemen's and Firemen's Retirement Fund" in each city of the second class, is as follows:

"Each member shall be subject to compulsory retirement according to the rules of the city in which he is employed, provided, however, that any member able to perform his assigned duties shall not be precluded from serving at least twenty years."

Our interpretation of this statute is that it does not require the city to fix a compulsory retirement age, but merely authorizes the city to do so and makes clear that the police and firemen must yield to that authority. The key words are "subject to." The normal synonyms for those words are "subordinate to," "subservient to," "under the control, power or dominion of," or "liable to." See Words and Phrases, Vol. 40, pp. 594 to 596. The appellees would have the words construed to mean "sub-

**240**

jected to," but that construction cannot reasonably be made.

In Huey v. King, 220 Tenn. 189, 415 S. W.2d 136, the Tennessee Supreme Court, construing a statute which provided that all property within a city should be "subject to" taxation by the city, held that the statute "merely sets out the classes of property which are subject to the Board's discretion as to whether or not it shall be taxed," and it "cannot be construed as a mandate that such property *must* be taxed." This is in accord with our view.

The appellees argue that a retirement system cannot operate efficiently and effectively without there being a compulsory retirement age for members, and that a compulsory retirement provision is an essential feature of a retirement system. The argument is not valid, as evidenced by the fact that the Kentucky Employes' Retirement System, which is the main system for state employes, does not have a compulsory retirement provision.

The judgment is reversed with directions to enter judgment dismissing the complaint.

All concur.