**STATE of Tennessee ex rel. James Newton LINGERFELT, Petitioner,**

v.

**Mike GARDNER, Sheriff of Sullivan County, Tennessee, Respondent.**

Court of Criminal Appeals of Tennessee.

April 5, 1979.

Permission to Appeal Denied by Supreme Court July 30, 1979.

J. Klyne Lauderback, Bristol, for petitioner.

William M. Leech, Jr., Atty. Gen., William O. Kelly, Asst. Atty. Gen., Nashville, Steven H. Jones, Asst. Dist. Atty. Gen., Blountville, for respondent.

## OPINION

DWYER, Judge.

From the denial of his petition for a writ of habeas corpus contesting his extradition from Tennessee to the State of West Virginia after a hearing the petitioner appeals with assignments of error, which are these: (1) the trial court erred in denying his motion to dismiss the rendition warrant as issued by the governor of Tennessee; (2) the evidence did not support the trial court's dismissal of the petition; (3) the court erred in refusing to allow a witness to testify for petitioner who had violated the rule of sequestration.

A review of the record reveals that petitioner had been discharged from the Kentucky penitentiary in December of 1977 and returned to Sullivan County, Tennessee, to reside at various times, with his parents, a girl friend and a sister. Witnesses presented by the petitioner testified that on the crime dates, February 10 and 11, petitioner was in or about his duties cutting wood on Holstein Mountain in Sullivan County. The State countered with two store owners from Berkely County, West Virginia, who identified petitioner as being in or near their stores when worthless checks were presented to them on the respective dates of February 10 and 11, 1978.

The first assignment of error: It is petitioner's contention that T.C.A. § 40–1011 requires the governor of the asylum state (Tennessee) to make an investigation of the circumstances of the demand from the sending state before issuing his rendition warrant. We disagree in that we interpret the key word in the statute, "may", as meaning that the code provision is discretionary and not mandatory. *Huey v. King*, 220 Tenn. 189, 195, 415 S.W.2d 136 (1967). The failure, therefore, of the respondent to

affirmatively demonstrate that such an investigation occurred is not error.

■ The petitioner also contends that the rendition warrant was not signed by the governor of the State of West Virginia. The rendition warrant may be found in the technical record; however, it was not introduced into evidence and, therefore, is not properly before this court. *Chico v. State,* 217 Tenn. 19, 394 S.W.2d 648 (1965).

■ The issuance of the rendition warrant by the governor of Tennessee created a prima facie case that the petitioner was lawfully charged with a crime in the demanding state and had fled therefrom. This prima facie case was not rebutted by contradictory proof at the evidentiary hearing. *Reeves v. State, ex rel. Thompson,* 199 Tenn. 598, 288 S.W.2d 451 (1956). The assignment is accordingly overruled.

■ The second assignment of error: The petitioner has the burden of proof in habeas corpus hearings of this kind to show beyond a reasonable doubt that he was not in the demanding state at or about the time of the commission of the crime. *McLaughlin v. State,* 512 S.W.2d 657, 660 (Tenn.Cr. App.1974). The petitioner adduced testimony from witnesses that he was in Tennessee at or about the time of the commission of the offenses in West Virginia. The State introduced witnesses who positively identified the petitioner as being in West Virginia at or about that time. The petitioner should not be discharged if there is merely contradictory evidence as to his presence in the demanding state. We think the evidence supports the ruling of the trial judge. The second assignment of error is accordingly overruled.

■ The third assignment of error: Petitioner had called a witness who had been sitting in the courtroom during the presentation of his evidence. The rule had been invoked prior to the commencement of the proceedings, therefore, on objection by the State the trial judge would not allow the witness to testify. Counsel for the petitioner then made known to the court that the witness was not and had not been sub-

poenaed and that he was unaware the witness would be called until the petitioner asked him to call the witness. When the trial court still refused to allow the testimony of the witness, the petitioner requested that the witness be allowed to testify and her testimony preserved for appellate review. The State was adamant as to this request and the trial court denied it. The petitioner urges here that the denial by the trial court of the testimony of the witness deprived petitioner of material testimony. While we think the better practice would have been to allow this preservation of evidence for review, the allowing or not allowing the testimony of a witness who has violated the rule is within the sound discretion of the trial court. *McCravy v. State,* 2 Tenn.Cr.App. 473, 455 S.W.2d 174 (1970); *Robinson v. State,* 474 F.2d 1273 (6th Cir. 1973). We can understand the predicament petitioner is in here to show an abuse of discretion by the trial court's action in disallowing the testimony when that testimony was not preserved in that he has no basis to support his urging of prejudice. However, in the best light to the petitioner the witness could have only added testimony that petitioner was not in the demanding state at or about the time of the commission of the offense. This would have risen to no higher degree than the five or six other witnesses that he had presented to make that point. In other words, it could have risen to no higher level than being contradictory. That coupled with the fact that the petitioner knowing or should have known that he was going to call the witness and the witness being present in the courtroom when the rule was invoked, this fault only attributable to the petitioner, we find this assignment to be without merit and it is accordingly overruled.

The judgment of the trial court is affirmed.

TATUM and BYERS, JJ., concur.