## CIRCUIT COURT OF SHENANDOAH COUNTY

Robert W. Creighton

v.

Town of Woodstock

March 30, 1982

Case No. (Law) 755

By JUDGE HENRY H. WHITING

Complainant Robert W. Creighton, a resident of Woodstock for the past seven years, has been attending the Woodstock Town Council meetings over an extended period and complains that although the Town Council had permitted him to speak on a number of prior occasions when Council members moved to grant named visitors the floor, it no longer permits him to do this but hears his remarks as a last item of business with communications and correspondence.

The Major of the Town testified that Mr. Creighton was denied permission to speak when the other visitors were heard from because:

(1) On a number of earlier occasions when Mr. Creighton was given the floor his items of agenda and length of time took longer than all other Council business, Mr. Creighton apparently being verbose, repetitive and discussing many items of a trivial and inconclusive nature.

(2) On two occasions in 1978, Mr. Creighton had to be forcefully ejected by a police officer to restore order in the meeting when he would not yield the floor after being ruled out of order and on another occasion when he verbally abused the Town Clerk to such an extent as to reduce her to tears. Mr. Creighton did not contradict any of the above testimony.

Section 2-7 of the Town ordinance provides for an order of business which has been followed, but Mr. Creighton complains that he was not accorded the right to speak when other members of the public were accorded the floor in the regular order of business. No evidence has been introduced to show that the Council refused to let him speak after some member of the Council had moved to permit him to do so, as specifically required in § 2-9 of the Town ordinance. The evidence does show that the Council permitted Mr. Creighton to speak toward the end of the Council meetings when communications and correspondence were received, as provided in the regular order of business. Although the public is not usually permitted to speak at that time, the Council let him do so in an effort to satisfy him in his evident and sincere desire to discuss various matters at length with the Council. Both the Major and the Town Manager testified that they could not have permitted Mr. Creighton to speak early in the meeting because when other members of the public are accorded that right *after* a member moves to give a particular individual the floor and the motion passes he took too much time and prevented the Council from covering all of its agenda while other members of the public were there, and it was only to protect the ordinary course of business that he was moved to the end of the agenda.

After a careful review of all the exhibits, authorities submitted by counsel and argument of counsel, coupled with independent research done by the Court, the Court is of the opinion that the petition for mandamus must be denied and bases its holding upon the following considerations.

(1) Mandamus lies only to compel the performance of a ministerial act. *Griffin* v. *Board of Supervisors*, 203 Va. 321, 328 (1962). How, when and under what circumstances a legislative body conducts its meetings require the exercise of discretion, taking into consideration a number of factors, many of which require weighing the rights of the public, Mr. Creighton himself, the orderly disposition of town business and expediting and controlling a legislative meeting. A Court cannot inject itself into the Town Council's exercise of discretion taken after a careful balancing of those factors, as this Town Council has done in this case.

(2) Even if the Court could intervene to fix an order of procedures in a Town Council meeting, the evidence

establishes without contradiction that this Town Council followed its own rules, applying them in a non-discriminatory manner and, indeed, actually went beyond what was required of it in giving Mr. Creighton a right to speak. If the Town Council had applied the rules as written, it would have had no obligation to permit Mr. Creighton to speak at all when correspondence and communications were received at the meetings. All Mr. Creighton could require it to do was to receive any letter he wrote and note its filing. When the Town Council, out of a desire to accommodate Mr. Creighton's wishes, even though not required to do so, permitted him to speak, it unfortunately then gave him what he now uses as a weapon to claim discrimination when it permitted him to speak at the end of the meeting. The Court does not believe the Council's extra courtesy thus establishes any discrimination against Mr. Creighton.

(3) Section 2-9 was designed to protect the Council from just such abuses as have been established in this case, and the fact that the Council permits one member of the public to speak without permitting another certainly on this evidence does not establish any sort of unlawful or unconstitutional discrimination.

(4) In the limited time available to the Court, the Court has attempted to find some authority indicating an inherent right to speak in a town council meeting. The Court is convinced that there is no such right, except in the New England type of town government in which all the electors of the town meet as a body and adopt measures for the benefit of the town, Section 157, *Municipal Corporations*, 56 Am. Jur. 2d 211. By negative inference, in the discussion of the "sunshine" laws [1] requiring open meetings without also imposing an obligation to permit the public to speak, § 161, *Municipal Corporations*, 56 Am. Jur. 2d 214, and authorizing the persons in attendance to take notes or use a tape recorder, *Id.*, at 162, such authority points to the rationale that there is no inherent right in the public to speak at any such legislative meeting.

Counsel for the Town should draw an appropriate Order dismissing the writ of mandamus, saving the objection and exception of the petitioner.